In The
 Court of Appeals
 Seventh District of Texas at Amarillo

 ________________________

 No. 07-12-0501-CV
 ________________________
 
 IN RE R. WAYNE JOHNSON, RELATOR
 
 
 March 5, 2013
 
 ON PETITION FOR WRIT OF MANDAMUS
 
 Before Quinn, C.J., and Campbell and Pirtle, JJ. 
 
Relator R. Wayne Johnson, an indigent prison inmate proceeding pro se, seeks a writ of mandamus compelling respondent, the Honorable Gordon Green, judge of the 287th District Court of Bailey County, to vacate an order dismissing a suit relator filed. 
Relator does not support his petition with a record or appendix. Rather he says we should judicially notice the order in the record of Johnson v. Denton, 07-11-00486-CV, 2012 Tex. App. Lexis 5794 (Tex.App.--Amarillo July 18, 2012, no pet) (mem. op.). That proceeding was relator's direct appeal of the same trial court order that relator now challenges by mandamus. We dismissed the direct appeal on relator's motion for voluntary dismissal. 
We also denied a previous petition by which relator sought mandamus relief challenging Judge Green's order. In re Johnson, 07-12-00406-CV, 2012 Tex. App. Lexis 8734 (Tex.App.--Amarillo, Oct. 17, 2012, orig. proceeding) (per curiam, mem. op.). 
In this petition, relator's argument on the merits seems to follow the logic that Judge Green's order dismissing his suit was void because the mandatory site for its filing was Potter County, the county of his confinement, even though relator chose to file the suit in Bailey County. As we have held in previous cases, relator's contention is misguided. In re Johnson, No. 07-11-00497-CV, 2012 Tex. App. Lexis 336 (Tex.App.--Amarillo Jan. 13, 2012, orig. proceeding) (per curiam, mem. op.); In re Johnson, No. 07-11-00433-CV, 2011 Tex. App. Lexis 8662 (Tex.App.--Amarillo Oct. 31, 2011, orig. proceeding) (per curiam, mem. op.).
Further reviewing the record from relator's direct appeal of Judge Green's order, we note also that relator's civil suit filed in Bailey County was subject to Chapter 14 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2012). The suit thus was subject to dismissal by the court on its own motion absent compliance with the requirements of the statute. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a), (c) (West 2002). The record reveals no attempt at compliance with Chapter 14's requirements. 
For those and other reasons, we conclude relator has not shown an abuse of discretion by Judge Green. His petition for mandamus is denied.

Per Curiam